UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO ALBERTO RODAS LAINEZ,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, CALIFORNIA CITY CORRECTIONAL CENTER,<br><br>Respondent. | No.  2:26-cv-01032-DAD-CSK (HC)<br><br>ORDER GRANTING PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS AND DENYING PETITIONER'S MOTION FOR A TEMPORARY RESTRAINING ORDER AS MOOT<br><br>(Doc. Nos. 1, 2) |

On March 23, 2026, petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE").  (Doc. No. 1.)  That same day, petitioner also filed a motion for temporary restraining order requesting his immediate release.  (Doc. No. 2.)  On March 24, 2026, the court set a briefing schedule for petitioner's motion for a temporary restraining order and directed respondent to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in this court's recent decisions in *Perez v. Albarran*, No. 1:25-cv-01540-DAD-CSK (HC), 2025 WL 3187578 (E.D. Cal. Nov. 14, 2025) and *O.A.C.S. v. Wofford*, No. 1:25-cv-01652-DAD-CSK (HC), 2025 WL 3485221 (E.D. Cal. Dec. 4, 2025) where the court concluded that the petitioners' prior release created a strong liberty interest which entitled the petitioners to immediate release.  (Doc. No. 4.)

1

On March 25, 2026, respondent filed an opposition to the motion for temporary restraining order.  (Doc. No. 6.)  Respondent argues only that petitioner is an "applicant for admission" and subject to mandatory detention pursuant to 8 U.S.C. § 1225(b) (*id.* at 1–2), an argument that the undersigned has previously rejected on several occasions.  *See Wasef v. Chestnut*, No. 1:26-cv-01078-DAD-JDP (HC), 2026 WL 392389, at *2–3 (E.D. Cal. Feb. 12, 2026).  Respondent states that it does not oppose converting the motion for temporary restraining order to a motion for preliminary injunction.  (Doc. No. 6 at 1.)  Moreover, respondent states that it does not oppose resolving the underlying petition for writ of habeas corpus on the current briefing before the court.  (*Id.*)

In support of his petition for writ of habeas corpus and motion for a temporary restraining order, petitioner presents evidence of the following.

On or about August 12, 2021, petitioner entered the United States and encountered immigration authorities.  (Doc. No. 1 at 4.)  At an unknown date, immigration authorities released petitioner on the Intensive Supervision Appearance Program.  (*Id.* at 2.)  On March 1, 2026, petitioner was re-detained by immigration authorities while at work.  (*Id.* at 1.)

The court incorporates and adopts the reasoning set forth in *Perez* and *O.A.C.S.* and concludes that due process requires petitioner's immediate release in light of his strong liberty interest in continued release.

For the reasons above,

1.      Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:

      a.      Respondent is ORDERED to immediately release petitioner from respondents' custody on the same conditions he was subject to immediately prior to his detention on March 1, 2026;

      b.      Respondent is ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge where respondent will have the burden to demonstrate by clear and

2

convincing evidence that petitioner is a danger to the community or a flight risk;

2.    Petitioner's motion for a temporary restraining order (Doc. No. 2) is hereby DENIED as having been rendered moot in light of this order granting petitioner habeas relief on the merits; and

3.    The Clerk of the Court is directed to ENTER judgment in favor of petitioner and to close this case.

IT IS SO ORDERED.

Dated:    **March 26, 2026**                    _Dale A. Drozd_____
                                                                DALE A. DROZD
                                                                UNITED STATES DISTRICT JUDGE

3